IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** :
:
v. : **Criminal No. 1:09-CR-384**
:
: **(Judge Rambo)**
**JOSEPH W. NAGLE** :
**ERNEST G. FINK** :

# **M E M O R A N D U M**

Before the court is the United States of America's motion to quash five subpoenas addressed to government employees. (Doc. 66.) The subpoenas at issue request the appearance *duces tecum* of the following individuals at the suppression hearing scheduled for Thursday, June 24, 2010: (1) Bruce Brandler, the Assistant Unites States Attorney prosecuting this case; (2) FBI Special Agent Thomas Markovits; (3) FBI Forensic Examiner D. Justin Price; (4) U.S. Department of Labor Special Agent Stephen Rodeschin, and (5) U.S. Department of Transportation Special Agent Michael Purcell. Each of the subpoenas request that the witness bring the following: (1) all records relating to any search protocols and procedures that the government employed in connection with its forensic examination of digital evidence; (2) all search terms or strings used by the government to search the digital evidence; (3) all files generated from each search term or string; and (4) any agency reports, notes, or logs reflecting the Government's searches of this evidence.

The Government argues that the subpoenas should be quashed as to the witnesses in question because the Defendants have not identified disputed issues of fact that would be resolved by the testimony of witnesses. The Government also argues that it should not be required to produce the documents described in the

subpoenas because Defendants have not demonstrated that this information is relevant to their pending suppression motion, the documents requested are not specific, and the Defendants are using a Rule 17(c) subpoena to obtain information that they could not get in discovery. The court will address these arguments in turn.

I.     **Testimony by prosecution team**

The Government's sole argument for seeking to quash the subpoenas requiring the presence and testimony of members of the prosecution team is that their testimony is unnecessary because the suppression motion can be resolved as a matter of law. Defendants ague that there are at least two issues requiring testimony: the manner of execution of the warrants and the application of the good faith exception.

Based on the court's review of Defendants' suppression motion and the briefs submitted in response to the Government's motion to quash, the court believes that there are outstanding factual issues requiring a hearing. For example, in their brief in opposition to the Government's motion to quash, Defendants state that they wish to question the Government employees about how the searches of the computers were executed and what efforts, if any, were made to comply with the authorization set forth in the warrants. Given that Defendants have challenged the scope of the Government's search this is an appropriate area of inquiry.

Since all of the law enforcement witnesses subpoenaed either took part in the search and copying the computers at SPI and CDS or the subsequent creation of the copies and reformatting of the information contained on those computers, the court will not quash the subpoenas as to any of the law enforcement personnel.

However, the court will quash the subpoena directed at AUSA Brandler. "On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). Nothing in Defendants' opposition indicates that the testimony of AUSA Brandler is necessary to demonstrate that the search of the seized electronic information exceeded the scope of the warrant. While Defendants indicate that AUSA Brandler directed the culling of information from the files, he did not do this on his own, but rather allegedly told the other subpoenaed witnesses what information to search. Thus, Defendants should be able to elicit the same information from the other subpoenaed witnesses as it could from AUSA Brandler. The court will not permit Defendants to place the prosecuting attorney on the witness stand and thereby jeopardize his ability to prosecute the case without a showing that AUSA Brandler's testimony is essential. No such showing has been made and the court will quash the subpoena directed at AUSA Brandler.

**II.     Document production**

It is nearly axiomatic that Rule 17(c) is not intended to be a discovery device in criminal cases. *See Bowman Dairy Co. v. United States,* 341 U.S. 214, 220 (1951); *United States v. Nixon*, 418 U.S. 683, 698-99 (1974). Rather, it is a means to "expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *Nixon*, 418 U.S. at 698-99.

In order to require production prior to trial, the moving party must show that the subpoenaed documents are (1) relevant, (2) admissible, and (3) requested with adequate specificity. *Id.* at 700. "These specificity and relevance elements

3

require more than the title of a document and conjecture as to its contents." *United States v. Arditti,* 955 F.2d 331, 346 (5th Cir. 1992). Finally, even if the subpoenaing party meets the minimum requirements of relevance, admissibility and specificity, the court may nonetheless quash the subpoena if it finds that the burden of producing the subpoenaed records greatly outweighs any relevance they may have to the case. *United States v. Hardy,* 224 F.3d 752, 756 (8th Cir. 2000).

The court has reviewed Defendants' document demand and will quash that portion of each subpoena. First, it is clear from the requests themselves that they mirror previous requests by Defendants made in discovery. (*Compare* Doc. 66-2, Gov't Ex. A *with* Gov't Ex. B ¶¶ 6-9 *and* Gov't Ex. C ¶¶ 14-17.) The Government refused to produce this information in response to the discovery requests. Defendants did not object to the Government's refusal at that time and did not file a motion with the court to compel this information. Instead, it appears that Defendants are trying to obtain by way of a Rule 17(c) subpoena what it could not obtain through Rule 16 discovery— the Government's search methodologies and search terms. If Defendants were interested in obtaining this information from the Government they should have filed a motion to compel.[1] They did not do so and cannot use a subpoena to obtain additional discovery.

Defendants seek information about the search protocols and procedures employed by the Government in connection with its forensic examination, as well as whether it used search terms/strings to search the electronic files seized. Nothing

---

[1] Because the issue is not before it, the court makes no comment about whether such a motion would have been successful.

prevents Defendants from asking the subpoenaed law enforcement witnesses questions which would elicit this information.

**III.     Conclusion**

In accordance with the foregoing, the court will quash the subpoena directed at AUSA Bruce Brandler in its entirety and will quash the document demands contained in all of the other subpoenas.  An appropriate order follows.

s/Sylvia H. Rambo<br>United States District Judge

Dated:  June 23, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** :
:
:
v. : **Criminal No. 1:09-CR-384**
:
: **(Judge Rambo)**
**JOSEPH W. NAGLE** :
**ERNEST G. FINK** :

# **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** the United States of America's Motion to Quash Defendant Nagle's Subpoenas to Government Employees (Doc. 66) is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) The motion is **granted** as to the subpoena addressed to Assistant United States Attorney Bruce Brandler;

(2) The motion is **granted** as to the document demand contained in each of the other subpoenas;

(3) The motion is **denied** in all other respects.

s/Sylvia H. Rambo
United States District Judge

Dated: June 23, 2010.