IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** :
:
: **Criminal No. 1:09-CR-384-01**
v. :
:
**JOSEPH W. NAGLE** : **Judge Sylvia H. Rambo**
:

# **M E M O R A N D U M**

The court held a pretrial conference on October 4, 2010. During that conference, the Assistant United States Attorney notified the court that the Government was taking an interlocutory appeal of the court's October 4, 2010 decision to grant Ernest Fink judicial immunity from prosecution and to compel him to testify pursuant to a trial subpoena issued by Defendant. The Government also requested a stay of the case pending appeal. The court granted the requested stay. (*See* Doc. 125.) Thus, while trial is now stayed pending appeal, the court hereby resolves some of Defendant's objections to the Government's trial exhibits.[1]

First, Defendant objects to the use by the Government of certain tax documents including tax returns, tax account transcripts, applications for refunds, an IRS certification, and the Government's demonstrative exhibit spreadsheet totaling Nagle's income for the years 1998-2008. (Gov't's Trial Exs. 10.1-10.13.) Defendant's proffered reason is that this evidence is irrelevant and, if relevant, its prejudice substantially outweighs its probative value. Specifically, Defendant asserts

---

[1] The court received by e-mail a request from the Government to file a brief in opposition to Defendant's brief on the issues dealt with by this memorandum and order. Because the court will rule in favor of the Government on all issues, except the requirement to redact the make and model of the car leased by SPI for Defendant, *see infra,* the court will deny the Government's request to file a brief. Of course, either party may file a motion for reconsideration if it believes that the court's ruling is in error.

that SPI is a Subchapter S corporation, and the tax returns are misleading because not all of the income was actually received by Nagle during this time frame. Instead, the profits of the company, though distributed and taxed, were reinvested in SPI. The Government's position is that it is entitled to demonstrate that Nagle had an incentive to commit DBE-fraud because doing so increased SPI's profits, which ultimately benefitted Nagle through the distribution of those profits.

The court will not hamstring the Government's ability to demonstrate motive by precluding this evidence. While there is no doubt some prejudice to Defendant, any prejudice can be cured by a limiting instruction. Furthermore, Defendant is free to cross-examine the Government's witnesses and present its own witnesses to point out the nuances involved with Subchapter S corporations. This evidence will be permitted.

Second, Defendant objects to the introduction of the sales agreement reflecting that SPI was sold for $9.25 million. According to Defendant, the sales price is misleading because more than $7 million in debt was paid off with the proceeds, and, thus, Defendant's share of the proceeds was considerably less than the sales price indicates. The court will not preclude this evidence. Like evidence of the Defendant's income, this evidence goes to Defendant's motive to perpetrate the fraud in question. Any prejudice to Defendant can be cured through effective cross-examination and a limiting instruction.

Finally, Defendant objects to the introduction of a list of vehicles leased and insured by SPI and/or CDS for the benefit of its employees because the list shows that SPI leased him a Porsche. Defendant believes that the introduction of this evidence serves no purpose and is highly prejudicial. The court sees no evidentiary

value in the make or model of the car leased by SPI. The Government's proffered reasons for wanting this evidence to be introduced is to demonstrate that Defendant received benefits other than salary. The court has reviewed the exhibit and believes that the make and model of the vehicle can easily be redacted. This is not a case where the vehicle in question was a part of the fraud, and, thus, there is little to no evidentiary value in the type of vehicle leased. The Government can accomplish its objectives by using the exhibit, which reflects that Defendant received a leased vehicle as a part of his compensation, without telling the jury the vehicle's make or model. Accordingly, the exhibit can be used only if the Government redacts the make and model of the vehicles leased for Defendant.[2]

There are other objections that remain outstanding, including objections by the Government to certain of Defendant's exhibits. The court does not resolve those objections here, and will reserve ruling on them until after disposition of the Government's appeal. The court will issue an appropriate order.

s/Sylvia H. Rambo<br>United States District Judge

Dated: October 6, 2010.

---

[2] Defendant also objected to the Government's use of an executive payroll list, but withdrew this objection during the pre-trial conference.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Criminal No. 1:09-CR-384-01** |
| v. : | |
| : | |
| **JOSEPH W. NAGLE** : | **Judge Sylvia H. Rambo** |
| : | |

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

(1) The court **overrules** Defendant's objections to the Government's trial exhibits 5.1, 6.13, 10.1, 10.2, 10.3, 10.4, 10.5, 10.6, 10.7, 10.8, 10.9, 10.10, 10.11, 10.12, 10.12A, 10.13;

(2) The court **sustains** Defendant's objection to the Government's trial exhibit 85.11. The Government must redact the make and model of the vehicle leased for Defendant by SPI. If so redacted, the Government may use Exhibit 85.11 at trial;

(3) The court reserves ruling on all of the other objections levied by the parties until disposition of the Government's interlocutory appeal.

                                                                  s/Sylvia H. Rambo
                                                                  United States District Judge

Dated: October 6, 2010.