IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Crim. No. 1:09-CR-0384-01** |
| **v.** : | |
| : | **Judge Sylvia H. Rambo** |
| **JOSEPH W. NAGLE** : | |

# **M E M O R A N D U M**

In this criminal case, Defendant Joseph W. Nagle, who was convicted of 26 counts related to his participation in a massive fraud on the Disadvantaged Business Enterprises program, filed a motion requesting his continued release from incarceration pending appeal (Doc. 324), which is opposed by the Government (Doc. 328). The court finds that Defendant has failed to demonstrate a valid basis to grant his request, and will accordingly deny the pending motion.

**I.     Background**

For the purposes of this motion, the court only briefly summarizes the relevant background; a more detailed version can be found in the court's opinion regarding Defendant's post-trial motions (the "Post-Trial Memorandum"). *See United States v. Nagle*, Crim. No. 09-cr-0384-01, Doc. 259, 2013 WL 3894841 (M.D. Pa. July 26, 2013).

On November 19, 2009 Defendant was charged in a 32 count indictment for his role in a massive fraud involving over 300 federally assisted government contracts. (Doc. 1.) Defendant filed pre-trial motions, including a motion to suppress electronic evidence which was seized pursuant to a search warrant. (Doc. 41.) This court denied the motion on September 1, 2010. (Doc. 89.)

A trial on the charges commenced on March 12, 2012, and the jury returned a guilty verdict on 26 counts on April 5, 2012. (Doc. 197.) On April 18, 2012, Defendant filed post-trial motions pursuant to Federal Rules of Criminal Procedure 29 and 33. (Doc. 198.) The brief in support of the motion asserted numerous claims, including arguments that: (1) the court erred in denying the Defendant's motion to suppress; (2) the court erred in giving a willful blindness instruction; and (3) the court erred in denying Defendant's motion for judgment of acquittal on the money laundering convictions due to the court's erroneous interpretation of *United States v. Santos*, 553 U.S. 507 (2008) and *United States v. Cloud*, 680 F.3d 396 (4th Cir. 2012). (Doc. 222.) The court denied Defendant's motion in its entirety. *See Nagle*, 2013 WL 3894841.

On May 7, 2014, the court issued an opinion overruling Defendant's objections to the loss calculation, in which the court determined that the amount of loss for sentencing guideline purposes was the entire face value of the government benefits obtained by Marikina as a result of the fraudulent contracts. *United States v. Nagle*, Crim. No. 09-cr-0384-01, Doc. 281, 2014 WL 1808193 (M.D. Pa. May 7, 2014). The court indicated its intention to apply a corresponding 24-level increase to Defendant's offense level, pursuant to U.S.S.G. § 2B1.1. *Id.*

On June 30, 2014, after reiterating its conclusion that the loss attributable to Defendant's conduct was $53.9 million, the court granted a variance and a departure on the basis that the guideline range overstated the seriousness of the offense and sentenced Defendant to undergo a term of imprisonment of 84 months and to pay a fine of $25,000.00. (Doc. 297.) The court also granted Defendant's request to surrender voluntarily, and directed Defendant to self report on September

29, 2014.  (*Id.* at p. 3 of 7.)  Defendant filed his notice of appeal on July 1, 2014.  (Doc. 301.)

On September 3, 2014, Defendant filed the instant motion for release pending appeal.  (Doc. 324.)  The Government filed its brief in opposition on September 15, 2014.  (Doc. 328.)  The matter has been sufficiently briefed and is appropriate for disposition.

## II.        Legal Standard

Defendant's motion is governed by 18 U.S.C. § 3143(b), which provides, in pertinent part, as follows:

> (1)    Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds –
>
>> (A)    by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>>
>> (B)    that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result it –
>>
>>> (i)    reversal,
>>>
>>> (ii)   an order for a new trial,
>>>
>>> (iii)  a sentence that does not include a term of imprisonment, or
>>>
>>> (iv)   a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).

In *United States v. Miller*, the Third Circuit explained the procedure a district court must follow in reviewing a motion for release pending appeal:

> Under [Section 3143], after first making the findings as to flight, danger, and delay, a court must determine that the question raised on appeal is a "substantial" one, *i.e.*[,] it must find that the significant question at issue is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful.

753 F.2d 19, 23 (3d Cir. 1985). Absence of precedent is not enough; the question must still be "significant." *See United States v. Smith*, 793 F.2d 85, 89 (3d Cir. 1986); *see also United States v. Cordaro*, Crim. No. 10-cr-0075, 2012 WL 3113933, *5 (M.D. Pa. July 31, 2012). A question is significant if, for example, the issue is "debatable among jurists" or "adequate to deserve encouragement to proceed further." *See Smith*, 793 F.2d at 90 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also United States v. Brown*, 356 F. Supp. 2d 470, 476 (M.D. Pa. 2005); *Cordaro*, 2012 WL 3113933 at *5.

After a court finds that the question on appeal is substantial, it must still determine "whether that issue is sufficiently important to the merits that a contrary appellate ruling is likely to require reversal or a new trial." *Miller*, 753 F.2d at 23. This standard does not require the court to conclude that its own orders are likely to be reversed. Rather, the phrase "likely to result in reversal or an order for a new trial" signifies that a court "may find that reversal or a new trial is 'likely' only if it concludes that the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Id*.

Importantly, because there is a presumption of detention after sentencing, a defendant bears the burden to prove that bail pending appeal is warranted under Section 3143. *Id.* at 22, 24; *United States v. Bissell*, 954 F. Supp. 903, 906 (D.N.J. 1997) ("[Section] 3143(b) creates a presumption against postconviction release pending appeal . . . . [T]here is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of exceptional circumstances.").

### III.     Discussion

Initially, the court notes that the Government concedes that Defendant poses no risk of flight or danger under subpart (a) of Section 3143. (Doc. 328, p. 5 of 23.) Indeed, the facts underlying this case demonstrate that Defendant, now in his mid-fifties, is not a violent man. The court has already permitted Defendant surrender into custody voluntarily and he remains free pending his surrender date. Thus, Section 3143(a) is clearly satisfied.

Defendant raises four principal issues in support of his instant motion, which he contends represents substantial questions of law likely to result in reversal, an order for a new trial, a sentence that does not include imprisonment, or a reduced sentence that will be less than the expected duration of the appeal. Each of Defendant's claims are without merit.

#### A.     Willful Blindness

Defendant first claims on appeal that this court's willful blindness instruction was inappropriately given. (Doc. 324, p. 4 of 13.) This claim was asserted in Defendant's post trial motions and addressed at length by the court.

*Nagle*, 2013 WL 3894841 at *67-70.  As explained by the court in its Post Trial Memorandum:

> [W]hen the evidence is viewed in the light most favorable to the Government, the court concludes that there was clearly sufficient evidence for a reasonable jury to find that, if Defendant did not have actual knowledge, he was willfully blind to the fraudulent nature of the relationship between SPI, CDS, and Marikina with respect to the DBE requirements and that the monetary transactions represented the proceeds of criminally derived property.
>
> \*   \*   \*
>
> Defendant confirmed, and the record supported, that he was heavily involved in all aspects of the business, including the companies' internal operations.  The record is clear that Defendant regularly attended meetings at which Marikina was discussed.  Furthermore, as stated, Defendant knew the contract flow, knew that the money had to "flow through" Marikina, knew that the companies had to appear separate, understood that CDS performed the erection work for Marikina, and understood that SPI continued to become more profitable from its "one-stop shop" relationship with Marikina. Moreover, Defendant personally engaged in numerous concealment activities to hide the true nature of the relationship between SPI and Marikina.  Thus, there was certainly sufficient evidence to conclude that Defendant was well aware of the facts to put him on notice that criminal activity was afoot, but deliberately closed his eyes and intentionally chose not to ask the natural followup questions. In this context, the court concludes that there was sufficient evidence to warrant the willful blindness instruction.

*Nagle*, 2013 WL 3894841 at *68-69 (internal citations omitted).  Moreover, with regard to Defendant's argument that the instruction created confusion and invited the jury to convict him on an improper basis, the court notes that its instruction in this

regard was patterned after the Third Circuit model instructions. *Id*. at *70. Thus, the court concludes that Defendant has failed to demonstrate that this claim presents a substantial question of law and that the question lacks merit on its face.

### B. Money Laundering

Defendant next claims on appeal that he was entitled to judgment of acquittal on the money laundering convictions, arguing that the transactions at issue did not constitute "proceeds" as defined by the Supreme Court in *Santos*. (Doc. 325, p. 5 of 13.) As he did in his post trial motions, Defendant cites to *United States v. Cloud*, 680 F.3d 396 (4th Cir. 2012), a non-binding Fourth Circuit decision. This court distinguished *Cloud* in its Post Trial Memorandum when it rejected the exact same argument that had been raised in Defendant's brief. *See Nagle*, 2013 WL 3894841 at *73-76. The court does not find that Defendant has sufficiently demonstrated that this issue presents a substantial question of law.

However, as recognized by the Government, even assuming that this question did constitute a substantial question of law, Defendant's instant motion would be denied because reversal of the money laundering convictions would not result in a new trial or a sentence less than the expected duration of the appeal process. Indeed, Defendant's remaining convictions would not be impacted by the Third Circuit's reversal of the money laundering counts. Simply stated, Defendant's remaining convictions would still carry a substantial term of imprisonment.

For these reasons, the money laundering issue does not raise a substantial question of law nor is it likely to result in a reduced sentence to qualify for relief under Section 3143(b)(1)(B)(iii) or (iv).

### C. Pre-Trial Suppression Motion

Defendant next claims that the court erred in denying his pretrial motion to suppress evidence on the basis of Defendant's lack of standing, arguing that the evidence introduced at trial demonstrated that Defendant did have an expectation of privacy in the SPI premises. (Doc. 325, p. 5 of 13.) This is not a question that is either novel, unsupported by controlling precedent, or debatable. Indeed, it is well settled that the proponent of a motion to suppress evidence bears the burden to demonstrate that he had a legitimate expectation of privacy in the place searched and that, as a whole, the evidence adduced at the hearing did not demonstrate that Defendant had a personal expectation of privacy in the contents of the computer server. *United States v. Nagle*, Crim. No. 09-cr-0384-01, 2010 WL 3516859, *5 (M.D. Pa. Sept. 1, 2010). Therefore, Defendant fails to sustain his burden in demonstrating that this issue presents a substantial question of law.

### D. The Loss Calculation

Lastly, Defendant argues that if the Third Circuit determines that the loss amount was erroneously determined, the resulting sentence would qualify for release pending appeal under Sections 3143(b)(1)(B)(iii) or (iv). (Doc. 325, p. 9 of 13.) The court disagrees.

In reaching its conclusion that loss in this case was the face value of the fraudulently obtained contracts, the court relied on, *inter alia*, *United States v. Tulio*, 263 F. App'x 258, 263 (3d Cir. 2008), wherein the Third Circuit held that the Government Benefits provision of Section 2B1.1 applied to DBE funded contracts. *See Nagle*, 2014 WL 1808193 at *3. This holding was consistent with that of several other courts, with the exception of the Southern District of New York in *United*

*States v. White*, Crim. No. 10-cr-0516, 2012 WL 4513489 (S.D.N.Y. Oct. 2, 2012). This court did not find the *White* court's reasoning persuasive. *See Nagle*, 2014 WL 1808193 at *2. This single district court case does not make the loss issue novel or "fairly doubtful."

Moreover, Defendant suffered no prejudice from the loss enhancement imposed pursuant to U.S.S.G. § 2B1.1(b)(1)(M). As stated, the court determined the loss to be $53.9 million based on the face value of the fraudulently procured contracts. As aptly recognized by the Government, the court granted Defendant what was a ten-level downward departure after finding that the loss calculation substantially overstated the seriousness of the offense. U.S.S.G. § 2B1.1, App. Note 20(c). In imposing the appropriate sentence, the court was mindful of Defendant's argument that his loss was no more that $850,931.20, which he had claimed to be CDS's profits between 2004 and 2008, corresponding to a 14-level increase to the offense level. *See* U.S.S.G. § 2B1.1(b)(H). Thus, although the court determined that the loss amount was the full value of the contracts, the court imposed a sentence that reflected the profits received during the relevant time.

In imposing the 84-month sentence, the court remained mindful of its obligation to impose a sentence that is sufficient but not greater than necessary to achieve the sentencing objectives. Indeed, in reaching the duration of imprisonment, the court did not base its sentence on a mechanical operation of the guidelines or simply grant a ten-level departure from the applicable loss amount. Rather, the court determined that, based upon consideration of, *inter alia*, Defendant's conduct and harm caused thereby, the appropriate term of imprisonment was 84 months. Defendant's sentence reflects the crimes he committed and imprisonment for a term

of 84 months would likely have been the duration of sentence even if the court found that loss for sentencing guidelines purposes was limited to the amount of Defendant's profits. Accordingly, Defendant has once again failed to sustain his burden in demonstrating that, even if the loss calculation presented a substantial question of law, that the new sentence would be one without incarceration or a reduced sentence less than the total time already served plus the expected duration of appeal.

**IV.     Conclusion**

For the foregoing reasons, the court concludes that Defendant has failed to sustain his burden in demonstrating that he is entitled to release pending appeal pursuant to 18 U.S.C. § 3143(b). Accordingly, the court will deny Defendant's motion for release pending appeal.

An appropriate order will issue

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: September 18, 2014.